EGOZCUE *v.* LUNDT.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 17.   Resuelto en Mayo 3, 1905.

INJUNCTION.—CUANDO PROCEDE.—La procedencia de la expedición de un manda-
miento de injunction, entraña la necesidad de un remedio urgente, tendente á
prevenir inmediatamente la ejecución de determinado acto que infrinja ó per-
judique el derecho de una persona.
ID.—Un remedio extraordinario de tal naturaleza, como el injunction, no debe con-

vertirse en un lugar común ó tópico que pueda, con su indiscreta aplicación, causar verdaderos daños y perjuicios, y en su virtud el injunction no procede para impedir que una parte establezca un procedimiento ejecutivo sumarísimo, en cobro de un crédito constante en escritura pública, inscrita en el registro, hallándose vencida la deuda y siendo exigible.

ID.—LIBROS COMÉRCIALES.—La circunstancia de que el crédito á que se refiere el párrafo anterior no conste en los libros del peticionario, que es comerciante, no es suficiente para impedir su cobro judicialmente, por medio de un injunction, pues los libros comerciales llevados en forma, sólo tienen fuerza probatoria entre comerciantes, y de los autos no aparece que el ejecutante lo fuera en la época de la contratación, ni que la deuda proceda de operación mercantil.

ID.—Para que el injunction proceda, según la ley, es necesario que haya un principio de prueba que nazca expontánea y claramente de la misma solicitud jurada y que lleve al convencimiento del juzgador la necesidad del remedio urgente que se solicita contra un acto injusto que se ha comenzado á realizar ó amenaza realizarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Díaz Navarro.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la siguiente opinión del Tribunal.

Don Manuel Egozcue y Cintrón compareció en esta ciudad ante el Notario Don Damián Monserrat en 21 de Noviembre de 1903 por sí y como liquidador que es de la sociedad mercantil que giró en está capital bajo la razón de Egozcue y Comp., exhibió varios y sucesivos libros "Diario" y "Mayor" y después de un detenido y minucioso examen que á su instancia hace el Notario de los asientos obrantes en dichos libros se hace constar que en ellos no existe cuenta alguna á nombre de K. H. Lundt ni tampoco partida de ninguna clase en los propios libros que acredite Debe ó Haber con relación á dicho Señor.

Con copia de dicha acta acudió Don Manuel Egozcue ante la Corte de Distrito de San Juan en escrito jurado en 14 de Enero de 1904, manifestando que aparece ser deudor, por escritura pública otorgada en 11 de Mayo de 1901, de Mr. Karl Hern Lundt por la cantidad de diez mil dollars por capital y mil quinientos más por mitad de intereses garantizados con hipoteca sobre una finca radicada en el barrio Sur del pueblo de Yauco, sitio denominado actualmente "El Ensanche", asegura que

esa escritura hipotecaria está inscrita en el Registro de la Propiedad, se dice que los plazos están vencidos y es exigible por tanto la deuda, pero se añade que jamás ha tenido cuentas con Mr. Karl Hern Lundt, que éste no ha declarado en planilla ese crédito ni ha satisfecho las contribuciones que por él le correspondían, que el peticionario ha establecido demanda pidiendo la nulidad de tal contrato y para probar que nunca ha tenido tratos ni relaciones mercantiles con ese supuesto acreedor se refiere á sus libros de comercio en donde según el acta de referencia nada hay que demuestre la existencia de esa deuda y que ese acreedor se propone hacer efectivo su crédito con grave perjuicio del peticionario.

Después de esas referencias de hecho establece en síntesis, como consideración de derecho, que los contratos sin causa ó con causa ilícita no producen efecto alguno y si la causa es falsa, es nulo el contrato mientras no se justifique la existencia de otra lícita y verdadera y cita en su apoyo los artículos 1261, no 3o. 1274, 1875 y 1276 del Código Civil, y después de todas esas alegaciones y de las referentes á las citas que creyó pertinentes de los artículos de la Ley autorizando los interdictos prohibitorios (Injunctions) de primero de Marzo de 1902, concluyó suplicando una orden "con carácter de interdicto prohibitorio preliminar requiriendo á Mr. Karl Hern Lundt para que se abstenga de hacer y de permitir que se haga por otros bajo su intervención, ejecución ó continuación de ejecución ni embargo para trance y remate de ninguna clase con la citada escritura no. 136 de 11 de Mayo de 1901, contra la finca hipotecada ó cualquiera de sus pertenencias ó accesorios."

Se citó á las partes á una comparecencia, presentándose como apoderado de Mr. Karl Hern Lundt, Mr. Waldemar Hepp y después de alegar cuanto á su derecho convenía y de pedir el promovente que se abriese á prue·

bas el expediente, el Juez Sr. Richmond en el acto y con fecha 29 de Enero de 1904 consignó que

"Resuelve el caso desestimando la petición del "injunction" por no haber expuesto en la petición ni el documento traído como prueba motivo, base ó fundamento suficiente á establecer un derecho presuncial al remedio pedido ó presunción que tiene razón en el fondo la parte actora como los autos carecen de hechos precisos y explícitos que indiquen que pueda existir ó fuerza mayor, ó engaño ó intimidación ó falta (falsedad) de causa del contrato ó enagenación mental de la parte otorgante, que constituyen según el Código Civil motivos legales para anular un contrato, ni bastan los hechos expuestos para vencer la fuerza de la regla que nadie puede ir en contra de sus propios actos y que el acto solemne de concurrir en el otorgamiento de un documento público importa una causa de la obligación comprendida en lo mismo y además aunque sea una consideración no material á la resolución del incidente, pues el recurrente tiene remedios para el presente caso dentro de la Ley Hipotecaria y Reglamento para su ejecución, y por todo lo expuesto, visto el artículo 3 de la Ley sobre "Injunction" y artículos 1232 á 1237 del Código Civil, se niega la medida sin condena especial de costas.

Protesta el Letrado Don Rafael López Landrón á nombre del peticionario Egozcue, por no admitir pruebas en el asunto y por haberse apartado, dice, de lo dispuesto en la Ley de Injuction.

En tres de Febrero del citado año apela Egozcue y se remiten los autos á esta Corte Suprema en donde el apelante por medio de su abogado Don Rafael López Landrón vuelve á repetir sustancialmente los antecedentes y fundamentos del caso que constan reseñados y tomados de su pedimento inicial ante la Corte de Distrito de San Juan y trae el argumento de que aún en el supuesto de que hubiese carencia de prueba sobre la nulidad del contrato, debió permitirse ampliarla con la de confesión ó declaraciones como lo pidió oportunamente.

Se personó el Letrado Don Herminio Díaz Navarro á nombre del apelado, y á vueltas de varias suspensiones, tuvo lugar la vista el trece del mes de Abril próximo

pasado en cuyo acto el Letrado representante de Don
Manuel Egozcue presentó una declaratoria de su incapa-
cidad por locura y una certificación expresiva del nom-
bramiento de tutora debidamente registrado á favor de
su esposa Doña Carmen Acha, y ambos Letrados repre-
sentantes expusieron oralmente cuanto á su derecho cre-
yeron procedente.

Es indudable que el interdicto prohibitorio preliminar
que es el que se ha solicitado entraña la necesidad de un
remedio urgente, inmediato para prevenir determinado
acto que infrinja ó perjudique el derecho de una per-
sona, pero una ley de tal alcance y en su caso de tan
benéficos resultados, no puede convertirse en un lugar
común ó tópico que irreflexivamente llegue á producir
con su indiscreta aplicación verdaderos daños y perjui-
cios en las partes que como la apelada ostenta en su fa-
vor un documento público inscrito en el Registro y otor-
gado con todas las formalidades externas que la ley re-
quiere y en el que consta una confesión paladina de la
deuda ya vencida, según todo se deduce del escrito ini-
cial del peticionario.

Parece que la ley, y así lo ha entendido el Juez senten-
ciador, requiere un principio de prueba que nazca ex-
pontánea y claramente de la misma solicitud jurada y
que lleve al convencimiento del juzgador la necesidad
del remedio urgente que se solicita contra un acto in-
justo que se ha comenzado á realizar ó que amenaza rea-
lizarse.

Pero lo que resulta de la solicitud es que Don Manuel
Egozcue celebró un contrato de préstamo con hipoteca
y recibió una cantidad de pesos, que la deuda está ven-
cida y se teme á la ejecución que constituye por ahora
un acto lógico y justo.

Y para impedir ese acto no basta que la deuda de que
se trata no conste en los libros de Egozcue y Ca., porque
es sabido que los libros comerciales llevados en forma

tienen fuerza probatoria entre comerciantes según, el artículo 48 del Código de Comercio, y en ninguna parte consta que Mr. Karl Hern Lundt fuera comerciante en la época de la contratación y que la deuda proceda de operación mercantil.

Y en cuanto á que debieron admitirse pruebas es lo cierto que el Juez sentenciador nada resolvió sobre este punto en su resolución apelada, pero de todos modos siempre resulta que, aun suponiendo que en esta clase de interdictos prohibitorios preliminares fueran admisibles los medios de prueba á que el apelante se refiere de confesión y de testigos, éstos no se propusieron de modo concreto y determinado sino que el promovente se limitó á pedir en el acto de la comparecencia que se abriese á pruebas el expediente.

En mérito de esas razones proponemos la confirmación del decreto que en 29 de Enero de 1904 dictó la Corte de San Juan y que se impongan las costas del recurso á la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados Hernández, MacLeary y Wolf.